IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SAMUEL PAUL NOWLIN                                                                            PLAINTIFF

v.                        Civil No. 1:16-cv-01064

EDWIN KEATON, Circuit Judge                                                                DEFENDANT

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Samuel Paul Nowlin filed this case *pro se* pursuant to 42 U.S.C. § 1983 on July 6, 2016. ECF No. 1. His application to proceed *in forma pauperis* was approved that same day. ECF No. 3. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### BACKGROUND

According to Plaintiff's Complaint, his current address is 109 Goodgame, Camden, Arkansas, which is the Ouachita County Detention Center ("OCDC")[1]. ECF No. 1. Plaintiff has named Circuit Judge Edwin Keaton as the sole defendant in this lawsuit. Plaintiff alleges Defendant "Judge Keaton extended my stay in jail by seeking the approval of the victim before he sentenced me. They know each other." ECF No. 1.

---

[1] Plaintiff indicates "N/A" in his Complaint next to "Place of Present Confinement". ECF No. 1.

1

## APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

## DISCUSSION

In his Complaint Plaintiff is challenging the length of his stay in jail pending the imposition of his sentence. Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Accordingly, Plaintiff's claims regarding his confinement in the OCDC fail to state cognizable claims under § 1983.

In addition, judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if

the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted). Plaintiff has failed to allege any action by Judge Keaton that was non-judicial or taken without jurisdiction. Accordingly, Judge Keaton is immune from suit.

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a) against Defendant Judge Edwin Keaton. I also recommend this dismissal be counted as a strike for purposes of 28 U.S.C. § 1915(g).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 18th day of July 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE